Argued January 27, decided February 23, 1910.

## DRAKE *v.* RANKIN.

[107 Pac. 22.]

TRIAL—DISMISSAL—GROUNDS—ISSUES AND PROOF.

Where plaintiff sued for an accounting of an alleged general partnership between himself and defendant, and the proof at most showed a special or *quasi* partnership consisting of several independent purchases and sales of land, defendant was entitled to a dismissal without prejudice.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Statement by MR. JUSTICE MCBRIDE.

This suit was brought by J. Francis Drake against M. B. Rankin to compel an accounting in relation to a certain alleged partnership business between them. The complaint, so far as it is material to the questions involved, states that on June 12, 1896, at Portland, Oregon, plaintiff and defendant made and entered into a mutual agreement then and there made by and between them to enter into and engage in the business of dealing in, buying, and selling lands for their mutual benefit and profit; that plaintiff should and would pay and contribute moneys to and for the uses and purposes of said business; that defendant should and would conduct and have control there-

of; and that the profits accruing therefrom should be divided by and between said parties equally, share and share alike; that, pursuant to said agreement, plaintiff at divers times, and when thereto requested by defendant, contributed and paid into said co-partnership business various sums of money, to the amount of over $3,000, and from time to time rendered services in promoting the interests and business of said agreement; that the business of said co-partnership has been continuously prosecuted and conducted under the management and direction of defendant from said beginning thereof to the present time, and that said agreement has not been abrogated, terminated, nor annulled, and is still existing; that defendant at all times has had and still has possession of all the books, accounts, securities, writings, and papers of and concerning said business; that said business has been successful and large profits have accrued therein and therefrom, amounting to a large sum of money, aggregating, as plaintiff is informed, and believes, the sum of $200,000 in addition to and exclusive of other interests and property in land, land scrip, and securities, the exact value, character, and extent of which plaintiff has been unable to ascertain, and cannot at this time particularly set forth; plaintiff avers, upon information and belief, that the value thereof exceeds $100,000.

The answer put in issue the matters above alleged. The court by consent of counsel announced that testimony would first be taken to determine whether a partnership existed, and, if found to exist, further testimony would be taken in order to state the account. After hearing the testimony, the court found that no general partnership existed and dismissed the suit, from which decision plaintiff appeals.

MODIFIED AND AFFIRMED.

For appellant there was a brief over the name of *Mr. Frank V. Drake,* with an oral argument by *Mr. William C. Bristol.*

For respondent there was a brief over the names of *Messrs. Coovert & Stapleton,* with an oral argument by *Mr. George W. Stapleton.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

The allegations of the complaint set out a general partnership to engage in buying and selling and dealing in land. It is true, the words "general partnership" are not used, but the language used necessarily imports the same. The evidence adduced shows several distinct and independent ventures; each particular tract and venture being independent of any other and arising out of a separate and distinct agreement. There was an agreement to buy certain lands in Wahkiakum County, Washington, which appears to have been closed up by a sale of the property and an arrangement made to the apparent satisfaction of all parties at the time, though plaintiff now claims that there was some money advanced by him for taxes which has not been accounted for. There was another agreement in regard to purchasing a tract of 320 acres of State land in the Silverton district, which it appears plaintiff actually applied for and gave Rankin $100 to make a payment on, but it seems that other parties contested the right of plaintiff and his associates, and they were defeated. Other tracts were examined from time to time, at the suggestion of Rankin, or plaintiff, but there is little evidence that any of these resulted in getting a title to any land or in anything else than loss of the money put into them.

If these ventures rise to the dignity of partnerships at all, they were not such a partnership as is alleged in the complaint, but special or *quasi* partnerships which should have been set out separately as such. The defendant was brought into court to answer as to his doings in an alleged general partnership to deal in, buy, and sell land, created in 1896 and continuing until 1908. On the trial he was required to defend against evidence of several separate and distinct transactions, each complete in itself and not

in any way relating to any other. For these reasons we think that the circuit court did not err in dismissing this suit; but such dismissal should be without prejudice to plaintiff's right to bring such other suit or suits as may be necessary to obtain a full accounting for moneys which he claims to have advanced on profits made in any of the transactions referred to in the testimony.

The decree of the circuit court is affirmed, except that the judgment of dismissal shall be without prejudice.

MODIFIED AND AFFIRMED.